64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff--Appellee,
v.
Donald Eric WIMER, Defendant--Appellant.
 No. 95-1183.
 D.C. No. 95-Z-327.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 TACHA, District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 On May 6, 1991, petitioner Donald Wimer pled guilty to bank robbery, in violation of 18 U.S.C. 2 and 2113(a). The district court sentenced petitioner to 120 months in prison and 3 years of supervised release. On February 3, 1995, petitioner filed a petition pursuant to 28 U.S.C. 2255 to have his sentence vacated and corrected. Petitioner alleged that a 1994 amendment to the United States Sentencing Guidelines required a recalculation of his sentence. The district court dismissed his petition, and he now appeals. We review this challenge to the district court's interpretation of the Guidelines de novo. United States v. Birch, 39 F.3d 1089, 1095 (10th Cir.1994).
 
 
 4
 When sentencing petitioner under the Guidelines, the district court computed his offense level in the following manner. First, it determined that petitioner's base offense level was 20, in accordance with U.S.S.G. 2B3.1(a). Petitioner then received a 2-level increase to the base offense level for a specific offense characteristic: The property of a financial institution was taken. See U.S.S.G. 2B3.1(b)(1)(A). In addition, petitioner's offense level was increased by 3 for the display of a revolver during the robbery. See U.S.S.G. 2B3.1(b)(2)(C). Petitioner's adjusted offense level was thus 25.
 
 
 5
 Because petitioner qualified as a career offender under U.S.S.G. 4B1.1, the district court also computed his offense level in an alternative manner. Section 4B1.1 states that "[i]f the offense level for a career criminal from the table [in this section] is greater than the offense level otherwise applicable, the offense level from the table ... shall apply." Petitioner pled guilty to 18 U.S.C. 2113(a), for which the maximum term of imprisonment is twenty years. According to the table in 4B1.1, the offense level for an offense with a statutory maximum of twenty years' imprisonment is 32. U.S.S.G. 4B1.1(c). Petitioner then received a 2-level decrease for acceptance of responsibility, for a total offense level of 30. Because this total was higher than the first calculation, the district court assigned petitioner an offense level of 30.
 
 
 6
 Petitioner contends[2] that the district court should resentence him in accordance with amendment 506[3] to U.S.S.G. 4B1.1. This amendment changed the definition of "offense statutory maximum" that is contained in the section's application notes. The amended language defines "offense statutory maximum" as
 
 
 7
 the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record.
 
 
 8
 U.S.S.G. 4B1.1, comment. (n.2) (emphasis added). The application note then gives examples of statutory provisions that contain such sentencing enhancement provisions.
 
 
 9
 Petitioner argues that the above emphasized language in amendment 506 prohibits the court from applying 4B1.1 to him. Petitioner's reading of the amended language is incorrect. First, the guideline itself states that "the offense level from the table ... shall apply" if the defendant is a career offender. U.S.S.G. 4B1.1 (emphasis added). Thus, an offense-level calculation under 4B1.1 is mandatory for those defendants who qualify as career offenders.[4]
 
 
 10
 Second, Application Note 2 defines the term "offense statutory maximum" for the purpose of determining a defendant's offense level--not to determine to whom the section applies. The language in the application note resolves the question of which statutory maximum to apply for section 4B1.1 purposes when a statute contains a maximum term for defendants with criminal records as well as a maximum term for defendants without criminal records. Moreover, 4B1.1 was enacted to implement a congressional mandate that career criminals be sentenced "to a term of imprisonment at or near the maximum term authorized." 28 U.S.C. 994(h). And the background commentary to U.S.S.G. 4B1.1 states that "[t]he legislative history of this provision suggests that the phrase maximum term authorized' should be construed as the maximum term authorized by statute." U.S.S.G. 4B1.1, comment. (backg'd.).
 
 
 11
 The district court correctly sentenced petitioner in accordance with the sentencing guidelines. The district court's dismissal of petitioner's section 2255 petition is therefore AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Because petitioner is representing himself, we construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)
 
 
 [3]
 Although amendment 506 became effective on November 1, 1994, petitioner may be entitled to its retroactive application. See U.S.S.G. 1B1.10(a)
 
 
 [4]
 Section 4B1.1 is applicable to defendants who meet three conditions. It is undisputed that petitioner met the predicate conditions of 4B1.1. Consequently, petitioner concedes that 4B1.1 must be applied in his case